# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
            )
     v.                )     ID No. 1808022193
            )
KENNETH APPIAH,       )
            )
        Defendant.     )
            )

Date Submitted: January 23, 2025
Date Decided: April 16, 2025

## ORDER

Upon consideration of Defendant Kenneth Appiah's Motion for Leave of the Court to File a Brady Claim ("Motion"),[1] statutory and decisional law, and the record, **IT APPEARS THAT:**

(1) On March 19, 2019, a jury found Appiah guilty of one count of Burglary First (IN18-10-0710), five counts of PFDCF (IN18-09-0901, IN18-10-0711, IN18-10-0712, IN18-10-0713, IN18-10-0714), one count of Aggravated Menacing (PN18-10-0717), three counts of Reckless Endangerment First (IN18-09-0903, IN18-09-0904, IN18-09-0905), and Criminal Mischief (IN18-10-0715).[2] The Delaware Supreme Court affirmed Appiah's conviction.[3]

---

[1] D.I. 163.
[2] D.I. 27.
[3] D.I. 78.

(2)    On February 5, 2021, Appiah filed a Motion for Postconviction Relief.[4] Throughout the Court's proceedings on this Motion for Postconviction Relief, Appiah claimed he received ineffective assistance of counsel because trial counsel did not request DNA analyses or hire an independent examiner to test for DNA and gunpowder residue on a black glove.[5]  On August 28, 2023, the Court denied the Motion for Postconviction Relief.[6]  The Delaware Supreme Court affirmed the denial of the Motion for Postconviction Relief.[7]

(3)    On June 10, 2024, Appiah filed a letter requesting access to the suspect glove for DNA testing.[8]  On July 22, 2024, Appiah filed a Motion to Compel a response to the June 10th letter.[9]  On November 1, 2024, the Court denied Appiah's letter request and Motion to Compel.[10]

(4)    On September 19, 2024, Appiah filed a Writ of Mandamus requesting the Court to require the Delaware Attorney General to give Appiah access to the suspect glove, DNA swabs, and gunshot residue tests.[11]  On October 28, 2024, the

---

[4] D.I. 80.  This Motion was later amended.  *See* D.I. 81; D.I. 108.

[5] D.I. 107; D.I. 108; D.I. 137.

[6] D.I. 139.

[7] D.I. 146. The Order from the Delaware Supreme Court simply states, "After consideration of the parties' briefs and the record on appeal, we find it evident that the judgment below should be affirmed on the basis of and for the reasons cited by the Superior Court in its August 28, 2023 memorandum opinion denying the appellant's first motion for postconviction relief."

[8] D.I. 147.

[9] D.I. 149.

[10] D.I. 160.  The Court denied the letter request and Motion to Compel because it had already addressed the issue in Appiah's Writ of Mandamus filing.  *See infra* ¶ 4.

[11] One Mandamus, Case Number N24M-09-102, Trans ID 74365737 (Sept. 19, 2024).

Court denied Appiah's Writ of Mandamus because Appiah's Motion for Postconviction Relief raised the same issue, that Motion was denied, and the denial was affirmed by the Delaware Supreme Court.[12]

(5)    Appiah's instant Motion, makes similar claims about DNA evidence as those offered in both his Motion for Postconviction Relief and his Petition for a Writ of Mandamus.[13]  Appiah specifically argues that "a reasonable probability exist[s] that had DNA evidence on the suspect glove which shows that Appiah was not the shooter has been presented at trial the out-come of the trial would have been different."[14]

(6)    Because Appiah's request seeks to address a matter previously decided by the Court on multiple occasions, the request is denied.[15]

---

[12] Order Upon Initial Review of Complaint is Dismissed, Case Number N24M-09-102, Trans ID 74883400 (Oct. 28, 2024).

[13] D.I. 163.

[14] *Id*. at 2.

[15] In further support of this conclusion, the Court points to an Order from the Delaware Supreme Court denying Appiah's request for a writ of mandamus for the Delaware Supreme Court to direct this Court to grant him access to the glove, shell casings, and gun for DNA testing. *See Matter of Appiah*, No. 477, 2024, 2025 WL 85366 (Del. Jan. 13, 2025).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Appiah's Motion for Leave of the Court to File a Brady Claim is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Calvin L. Scott*
Judge Calvin L. Scott, Jr.


cc:    Original to Prothonotary
Matthew Bloom, *DAG*
Kenneth Appiah, *Defendant*

4